UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| Estvold Oilfield Services, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> The Hanover Insurance Group, Inc. and PayneWest Insurance, Inc., <br><br> Defendants. | Case No.: 1:17-cv-016 <br><br><br> **COMPLAINT** <br><br><br> **JURY TRIAL DEMANDED** |

1. Plaintiff Estvold Oilfield Services, Inc. ("Estvold") for its Complaint against The Hanover Insurance Group, Inc. ("Hanover") and PayneWest Insurance, Inc. ("PayneWest"), states and alleges as follows:

2. Estvold brings this action against the persons, entities, and parties that breached their contract with Estvold, fraudulently induced Estvold to enter into a contract for ineffective and fictitious services, and were enriched by this fraudulent inducement at the expense of Estvold in a substantial amount in excess of $75,000.00.

**PARTIES**

3. Plaintiff Estvold is a North Dakota corporation with its principal place of business located at 3962 84th Ave. NW, New Town, North Dakota.

4. Defendant Hanover is a Massachusetts corporation with its principal place of business located at 440 Lincoln St., Worchester, Massachusetts. Hanover is in the business of providing various insurance products, including property insurance, and conducts business within the State of North Dakota.

5. Defendant PayneWest is a Montana corporation with its principal place of business located at 3289 Gabel Rd., Billings, Montana. PayneWest is in the business of providing various insurance products, including property insurance, and conducts business within the State of North Dakota.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the claims in this Complaint under 28 U.S.C. § 1332 because the parties are residents of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

7. Venue is proper in this District under 28 U.S.C. § 1391 because the basis of these claims concerns an insurance contract for property located in North Dakota, and a substantial part of the events or occurrences giving rise to the claim occurred in this District.

8. Hanover and PayneWest are subject to personal jurisdiction in North Dakota by reason of their transaction of business with Estvold, which is a North Dakota resident, for property located in North Dakota, by contracting to insure property or other risk within the State of North Dakota, and Defendants made representations and other tortuous acts causing financial injury to Estvold within North Dakota.

## FACTS

9. Estvold owns real property located at the following address of 8449 39th St. NW, New Town, North Dakota.

10. On or about December, 2014, PayneWest contacted Estvold through a sales call seeking to provide insurance coverage for Estvold's real and personal property, including commercial buildings and equipment.

11. On or about December, 2014, through January, 2015, Estvold negotiated with PayneWest on the details of their proposed insurance coverage.

12. During the negotiations between Estvold and PayneWest, it was the clear intention of Estvold to seek and retain insurance coverage on all buildings owned and operated by Estvold.

13. On information and belief, PayneWest understood that Estvold intended to seek and retain insurance coverage on all buildings owned and operated by Estvold.

14. In 2015 through early 2016, Estvold constructed a commercial building at 8449 39th St. NW, New Town, North Dakota, incorporating an office and commercial shop space ("Steel Shop") for use in its operations.

15. Estvold communicated to PayneWest its intent to include the Steel Shop as an insured property under the policy, and provided PayneWest with the address of the property.

16. PayneWest employees and/or agents visited the Steel Shop in 2015 and on or about January 12, 2016, to inspect the property as part of its inclusion under the policy.

17. PayneWest provided an Insurance Proposal to Estvold for insurance coverage from January 31, 2015 through January 31, 2016, and included Hanover as commercial property underwriter of the policy.

18. The Insurance Proposal listed the following property to be insured:

<u>Loc. No. 1 – 3962 84th Ave. NW, New Town, ND, 58763:</u>
Building #1               Office/Shop: Steel

<u>Loc. No. 2 – 3914 84th Ave. NW, New Town, ND 58763:</u>
Building #1               Steel Shop
Building #2               Shop

<u>Loc. No. 3 – Lot 1; Blk 6, Alexander Energy Park, Alexander, ND</u>
Building #1               Storage

3

<u>Loc. No. 4 – 4211 Hwy 8, Richardton, ND, 58652</u>
Building #1        Steel Shop
Building #2        TBD
Building #3        Office
Building #4        Propane/Water Depot Tanks/pumps

19. The above referenced "Loc. No. 4" does not have on its premises any "Steel Shop" as described as "Building #1."

20. Both Estvold and PayneWest understood that "Building #1" referred to the Steel Shop located at 8449 39th St. NW, New Town, North Dakota.

21. PayneWest failed to incorporate a "Loc. No. 5" with a separate address for 8449 39th St. NW, New Town, North Dakota listing as "Building #1" the Steel Shop.

22. Estvold provided good and valuable consideration to PayneWest for the purchase of insurance, including insurance coverage on all of Estvold's commercial buildings and properties.

23. Estvold provided good and valuable consideration to Hanover for insurance coverage, including coverage on all of Estvold's commercial buildings and properties.

24. Estvold's premium payments were based on the insurance coverage proposed by PayneWest providing coverage on Loc. No. 4, Building #1.

25. PayneWest and Hanover accepted Estvold's premium payments, including premium payments calculated to include Loc. No.4, Building #1.

26. In January, 2016, Estvold occupied the Steel Shop for use in its commercial operations.

27. On April 23, 2016, a fire occurred at the Steel Shop, resulting in the destruction of the building and equipment located therein.

28. On April 25, 2016, Estvold submitted a fire loss claim to Hannover for the destruction of the Steel Shop and equipment contained therein.

29. On May 5, 2016, Hannover denied Estvold's claim for insurance on the Steel Shop.

## COUNT I

### BREACH OF CONTRACT
*Against All Defendants*

30. Estvold restates and realleges the above paragraphs as though fully set forth herein.

31. At all time relevant to this action, PayneWest acted as agent under express and implied authority for Hanover.

32. Estvold agreed to pay money to PayneWest and Hanover in exchange for providing Estvold with insurance coverage on Estvold's commercial property.

33. A contract between Estvold and PayneWest/Hanover was created and duly supported by consideration.

34. A material term of the contract between Estvold and PayneWest/Hanover was the coverage of Estvold's real property, including the Steel Shop occupied by Estvold.

35. Upon the destruction of the Steel Shop, Estvold was entitled to recover under the insurance contract.

36. Despite due demand, PayneWest/Hanover have not provided compensation to Estvold as required under the terms of the parties' insurance contract.

37. The insurance services that Estvold received from PayneWest and Hanover were substantially less than had been represented, have not been produced as required under

the express and implied terms of the parties' contract(s), or were materially inferior from what was promised by PayneWest and/or Hanover.

38. PayneWest and/or Hanover are in material breach of their contract with Estvold in failing to provide payment.

39. As a direct and proximate result, Estvold has suffered damages in an amount exceeding $1,000,000.00, the exact amount to be proven at trial.

## COUNT II

### DECLARATORY JUDGMENT
*Against All Defendants*

40. Estvold restates and realleges the above paragraphs as fully set forth herein.

41. Pursuant to the terms of the insurance policy, Estvold is entitled to, among other things, payment, coverage and benefits related to physical losses and damage incurred to the Steel Shop.

42. Pursuant to chapter 32-23 of the North Dakota Century Code, and other applicable law, this Court is empowered to construe the insurance policy and to declare the rights, status, or other legal relations of the parties there under.

43. As the insurance policy included the Steel Shop as covered under the terms of the policy, the Court should declare the rights of Estvold under the insurance policy, including that Estvold is entitled to insurance benefits and coverage under the insurance policy with PayneWest/Hannover for losses resulting from the destruction of the Steel Shop as named in the policy. Estvold is entitled to recover attorney's fees incurred in bringing a declaratory judgment action pursuant to *State Farm Fire & Cas. Co. v. Stigman*, 508 N.W.2d 323, 329 (N.D. 1993) and other applicable law.

## COUNT III

**REFORMATION OF CONTRACT AND SPECIFIC PERFORMANCE**
*Against All Defendants*

44. Estvold restates and realleges the above paragraphs as though fully set forth herein.

45. Estvold's agreement with PayneWest and Hanover was for insurance coverage on all of Estvold's commercial buildings, and understood that the insurance policy would provide coverage for all of Estvold's buildings.

46. On information and belief, PayneWest understood that Estvold's insurance policy was for insurance coverage on all of Estvold's commercial buildings.

47. PayneWest failed to describe a commercial building owned by Estvold at its address of 8449 39th St. NW, New Town, North Dakota under the insurance policy.

48. After the loss occurred, both parties were aware of the mutual mistake in the address description for the building covered under the insurance policy.

49. Hanover accepted premium payments from Estvold based on claimed insurance coverage of a building located at "Loc. No. 4" which did not exist.

50. Estvold is entitled to reformation of the contract to accurately reflect the intentions of all parties that the insurance policy was to cover the Steel Shop, and is entitled to specific performance of the reformed contract as agreed by the parties.

## COUNT IV

**UNFAIR AND DECEPTIVE INSURANCE ACTS AND PRACTICES**
*Against Hanover Insurance Company*

51. Estvold restates and realleges the above paragraphs as though fully set forth herein.

52. Hanover's failure to pay insurance benefits was in bad faith and constituted unfair insurance practices under N.D.C.C. § 26.1-04-03, including but not limited to violations for:

    a. Not attempting in good faith to effectuate prompt, fair and equitable resolution of Estvold's claim for benefits.

    b. Compelling Estvold to initiate this suit to resolve amounts due for insurance benefits.

    c. Failing to pay insurance benefits without having a reasonable basis to do so.

53. Estvold has suffered damages as a result of Hanover's bad faith and unfair insurance practices.

## COUNT V

### PROFESSIONAL MALPRACTICE
### *Against PayneWest Insurance, Inc.*

54. Estvold restates and realleges the above paragraphs as though fully set forth herein.

55. PayneWest held a duty to render professional services and to exercise skill and care commonly applied under all the circumstances in the community by which a reasonably prudent reputable member of the profession engaged in the insurance business would use under similar circumstances.

56. Estvold communicated to PayneWest its intent to insure all commercial buildings it possessed.

8

57. PayneWest breached its duty to Estvold when it failed to list the Steel Shop at the 8449 39th St. NW, New Town, North Dakota address under Estvold's policy.

58. PayneWest's breach of its duty to Estvold is the actual and proximate cause of damages, namely the denial of Estvold's insurance claim.

59. As a result of PayneWest's actions, Estvold has sustained monetary damages in an amount believed to be in excess of $1,000,000.00, the exact amount to be proven at trial.

## COUNT VI

## NEGLIGENCE
### *Against PayneWest Insurance, Inc.*

60. Estvold restates and realleges the above paragraphs as though fully set forth herein.

61. PayneWest held a duty to exercise the skill and care which a reasonably prudent person engaged in the insurance business would use under similar circumstances."

62. PayneWest held a duty to act in good faith and follow the instructions of Estvold.

63. Estvold communicated to PayneWest its intent to insure all commercial buildings it possessed, and informed PayneWest about the building located at 8449 39th St. NW, New Town, North Dakota.

64. PayneWest agents visited the property during its construction in 2015 and 2016.

65. PayneWest breached its duty to Estvold when it failed to list the Steel Shop at the 8449 39th St. NW, New Town, North Dakota address under Estvold's policy.

66. PayneWest's breach of its duty to Estvold is the actual and proximate cause of damages, namely the denial of Estvold's insurance claim.

67. As a result of PayneWest's actions, Estvold has sustained monetary damages in an amount believed to be in excess of $1,000,000.00, the exact amount to be proven at trial.

### PRAYER FOR RELIEF

68. WHEREFORE, Plaintiff prays for judgment as follows:

   a. For a declaratory judgment finding that Estvold's insurance policy provides coverage for property damage incurred against Estvold's Steel Shop located at 8449 39th St. NW, New Town, North Dakota;

   b. Alternatively, for reformation of the insurance contract to reflect the parties intentions that the Steel Shop was a covered building, and order that Hanover provide payment of Estvold's insurance fire loss claim as required under the contract;

   c. Alternatively, for a finding that PayneWest was negligent in failing to record the Steel Shop's address under the policy, and Estvold suffered damages as a result;

   d. For judgment against PayneWest and Hanover, jointly and severally, in an amount in excess of $1,000,000.00, the exact amount to be determined at trial.

   e. Award Estvold for its costs, fees, and reasonable attorney's fees, including any pre-judgment and post-judgment interest, it is entitled to by law.

   f. For such other and further relief as this Court deems just and equitable.

## JURY DEMAND

69.     Plaintiff demands a jury trial of the maximum number of jurors allowed by law.

Dated this 18 day of January, 2017.

                                  **VOGEL LAW FIRM**

BY: Justin J. Hagel (#07470)
      Briana L. Hildebrand (#08399)
      US Bank Building
      200 North 3rd Street, Suite 201
      PO Box 2097
      Bismarck, ND  58502-2097
      Telephone:  701.258.7899

      Email:    jhagel@vogellaw.com
                      bhildebrand@vogellaw.com

      ATTORNEYS FOR PLAINTIFF